IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ERIC FERNANDEZ, | |
| Petitioner, | |
| v. | Case No. 24-CV-00489-SEH-MTS |
| DAVID ROGERS, Interim Warden,[1] | |
| Respondent. | |

## OPINION AND ORDER

Petitioner Eric Fernandez ("Fernandez"), an Oklahoma prisoner appearing pro se, seeks federal habeas relief under 28 U.S.C. § 2254, asserting he is in state custody in violation of federal law pursuant to the criminal judgment entered against him in Tulsa County District Court Case No. CF-2019-5896. Fernandez advances two claims: 1) his trial counsel was ineffective for failing to file an application to withdraw his plea; and 2) he was denied a first appeal due to his trial counsel's ineffectiveness. *See* [ECF No. 1 at 5–7].[2] Having considered Fernandez's Petition for Writ of Habeas Corpus ("Petition") [ECF

---

[1] Fernandez is incarcerated at Red Rock Correctional Center, and David Rogers is the Interim Warden of that facility. The Court therefore substitutes David Rogers, Interim Warden, in place of Steven Harpe as party Respondent. *See* Rule 2(a), *Rules Governing Section 2254 Cases in the United States District Courts*. The Clerk of Court shall note on the record this substitution.

[2] The Court's citations refer to the CM/ECF header pagination.

No. 1], Brief in Support of his Petition [ECF No. 2], Respondent David Rogers ("Respondent") Pre-Answer Motion to Dismiss Petition for Writ of Habeas Corpus as Time-Barred by the Statute of Limitations ("Motion") [ECF No. 15], Brief in Support of the Motion [ECF No. 16], the record of state-court proceedings provided by Respondent [ECF Nos. 16-1 through 16-19], Fernandez's Response in Opposition to the Motion [ECF No. 21] and applicable law, the Court finds and concludes that Respondent's Motion shall be granted.

## *BACKGROUND*

On September 13, 2021, Fernandez entered a plea of nolo contendere to the following charges: assault and battery through means likely to produce death (Count 1); feloniously pointing a firearm (Count 2); domestic assault with a dangerous weapon (Count 3); kidnapping (Count 4); domestic assault and battery by strangulation (Count 5); and domestic assault and battery (Count 6). [ECF No. 16-1 at 3–4, 16]; *see also* [ECF No. 16-2 at 1]. On November 23, 2021, Fernandez was sentenced on all six counts. [ECF No. 16-2]. The state district court also scheduled a judicial review hearing for November 21, 2022. [ECF No. 16-1 at 21]. On December 1, 2021, Fernandez filed a notice of intent to appeal in the state district court. [ECF No. 16-3].

On November 23, 2022, the state district court held the previously scheduled judicial review proceeding and modified Fernandez's sentence as to

Count 1. [ECF Nos. 16-1 at 23; 16-4]. Next, Fernandez filed a notice of intent to appeal challenging the state district court's modified judgment and sentence on November 30, 2022. [ECF No. 16-5]. The Oklahoma Court of Criminal Appeals ("OCCA") declined jurisdiction and dismissed Fernandez's attempt to appeal the sentence modification. [ECF No. 16-6].

On December 19, 2023, Fernandez filed a post-conviction application for an appeal out of time in the state district court and raised for the first time the issues which are presented in the instant Petition. [ECF No. 16-7]. The state district court entered an order dismissing Fernandez's application for post-conviction relief on April 2, 2024. [ECF No. 16-11]. On May 2, 2024, Fernandez filed a petition in error challenging the state district court's adjudication of his application for post-conviction relief. [ECF No. 16-13]. The OCCA affirmed the district court's order dismissing the application for post-conviction relief on July 2, 2024. [ECF No. 16-15].

On July 9, 2024, Fernandez filed a pro se request for a suspended sentence. [ECF No. 16-16]. The state district court denied Fernandez's request for a suspended sentence on December 17, 2024. Order Denying Defendant's Pro Se Motion for Suspended Sentence, *Oklahoma v. Fernandez*, Case No. CF-2019-5896 (Tulsa Cnty. Dist. Ct. Dec. 17, 2024).[3] Fernandez

---

[3] The state court docket sheet for this case is available to the public through Oklahoma State Courts Network (oscn.net). "Federal courts may take judicial

3

appealed this ruling, and on January 13, 2025, the OCCA entered an order denying extraordinary relief. Order Denying Extraordinary Relief, *Fernandez v. Keely*, Case No. MA-2024-1015 (Okla. Crim. App. Jan. 13, 2025).[4]

Fernandez filed the instant Petition on August 19, 2024.[5] [ECF No. 1]. Fernandez's Petition focuses on his counsel's improper filing of the December, 2021 notice of intent to appeal, [ECF No. 16-3], instead of an application to withdraw the plea as required by Oklahoma procedure. *See* [ECF Nos. 1; 2]. Fernandez alleges he did not learn of this procedural misstep until sometime after he received a letter from his counsel in December 2022, and, therefore, his Petition is timely. *See* [ECF No. 2]. Respondent argues the Petition is untimely pursuant to 28 U.S.C. §§ 2244(d)(1)(A), (B) and (D). [ECF No. 16].

---

notice of state court docket sheets, and proceedings in other courts that have direct relation to matters in issue." *Davis v. Morgan*, Case No. 21-CV-411-GKF-JFJ, 2021 WL 6298321, at *1 n.2 (N.D. Okla. Sep. 27, 2021) (citing *Stack v. McCotter*, 79 F. App'x. 383, 391 (10th Cir. 2003); *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979)).

[4] The appellate court docket sheet for this case is available to the public through Oklahoma State Courts Network (oscn.net). *See Davis*, 2021 WL 6298321, at *1 n.2.

[5] Fernandez's Petition was received by the Clerk of Court on August 21, 2024. [ECF Nos. 1 at 1; 1-2]. However, because there is evidence showing he placed the petition in the prison's legal mail system on August 19, 2024, the Court deems the Petition filed August 19, 2024. [ECF No. 1 at 14]; *see* Rule 3(d), *Rules Governing Section 2254 Cases in the United States District Courts*.

Respondent also contends Fernandez is not entitled to equitable tolling. *Id.* at 25–33. As detailed below, the Court agrees with Respondent that the Petition is time barred.

## *DISCUSSION*

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), state prisoners have one year from the latest of four triggering events in which to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). These events include:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; [and]
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D). The one-year limitations period generally runs from the date the judgment became "final" under § 2244(d)(1)(A), unless a petitioner alleges facts that implicate § 2244(d)(1)(B), (C), or (D). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). Regardless of which

provision governs the commencement date, a state prisoner's one-year limitation period is tolled for "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Federal courts may also toll the limitations period for equitable reasons. *Holland v. Florida*, 560 U.S. 631, 645 (2010).

## I. 28 U.S.C. § 2244(d)(1)(A): Timeliness of Petition

As an initial matter, Fernandez failed to file his Petition within the time required by 28 U.S.C. § 2244(d)(1)(A). As detailed above, Fernandez was sentenced on November 23, 2021. [ECF No. 16-2]. He did not file an application to withdraw his plea as required by Oklahoma law. *See* Rule 4.2(A), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2021). His conviction thus became final on December 3, 2021. *See Jones v. Patton*, 619 F. App'x 676, 678-79 (10th Cir. July 15, 2015)[6] (finding that for purposes of the limitations period under 28 U.S.C. § 2244(d), an Oklahoma conviction following a guilty plea became final ten days after entry of the judgment and sentence). Fernandez's one-year period to file a petition for writ of habeas corpus began December 4, 2021, and, absent statutory

---

[6] The Court cites all unpublished decisions herein as persuasive authority. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

tolling, expired December 5, 2022.[7]  The Court therefore finds, absent any tolling events, the August 19, 2024 Petition is untimely under 28 U.S.C. § 2244(d)(1)(A).

## II. 28 U.S.C. § 2244(d)(1)(D): Delay of Limitation Period

Fernandez alleges his Petition is timely pursuant to § 2244(d)(1)(D) because his attorney deceived him and prevented him uncovering the factual predicate of his claims. [ECF No. 2 at 10–13, 18–19]. He argues that the one-year limitations period did not begin to run on December 4, 2021 for this reason. *Id.* at 10.  The limitation period begins to run under § 2244(d)(1)(D) when "a reasonably diligent petitioner could have discovered the *factual* basis of his or her claims, not the date that a particular petitioner first discovers the *legal* basis of his or her claims." *Owens v. Whitten*, 637 F. Supp. 3d 1245, 1252 (N.D. Okla. 2022) (emphasis in original) (citing *Stiltner v. Nunn*, Case No. 21-CV-0374-GKF-CDL, 2022 WL 951997, at *5 (N.D. Okla. Mar. 29, 2022)).  To determine trigger dates under § 2244(d)(1)(D), the Court must engage in a "claim-by-claim consideration." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 n.6 (2005).

---

[7] Fernandez's deadline was technically December 4, 2022.  Since December 4, 2022, was a Sunday, Fernandez's one-year deadline was extended to Monday, December 5, 2022.  Fed. R. Civ. P. 6(a)(1)(C).

7

Fernandez argues he discovered the factual predicate of ground one sometime after December 12, 2022. That was when he learned the OCCA declined jurisdiction over his appeal of the sentence modification and he "discovered that an application to withdraw his plea was the necessary prerequisite to properly initiate his direct appeal during the 10 day window following the sentencing hearing." *See* [ECF No. 2 at 8]. Fernandez contends he discovered the factual predicate of ground two when the Tulsa County District Court dismissed his application for post-conviction relief out of time. *Id.* at 18-19.

However, Fernandez is pointing to legal, not factual, predicates. The predicate fact underlying both Fernandez's grounds is that he failed to initiate a direct appeal of his conviction. *See* [ECF No. 1 at 5–7]; *see also* [ECF No. 2 at 16] ("Petitioner was forced to seek post-conviction relief after discovering counsel had failed to properly initiate a direct appeal from his plea of no contest."). He may not have discovered the *legal* basis of ground one until after he received his counsel's December 2022 letter, and he may not have discovered the *legal* basis of ground two until his application for post-conviction relief requesting an appeal out of time was denied in April 2024. However, the fact that his attorney did not file the necessary application to withdraw his plea so that he could initiate a direct appeal could have been discovered through the exercise of due diligence in December

8

of 2021. *Aragon v. Williams*, 819 F. App'x 610, 613 (10th Cir. 2020) ("The test under § 2244(d)(1)(D) is not when the petitioner obtained actual knowledge of the basis for his claims, but rather the date on which the factual predicate of the claim *could have been discovered* through the exercise of due diligence." (emphasis in original)).

Significantly, Fernandez signed his name directly below a section titled "Notice of Right to Appeal" when he entered his plea. *See* [ECF No. 16-9 at 60]. The section states:

> To appeal from this conviction, or order deferring sentence, on your plea of guilty/ no contest, you must file in the District Court Clerk's Office a written Application to Withdraw your Plea of Guilty/ No Contest within ten (10) days from today's date. You must set forth in detail why you are requesting to withdraw your plea. The trial court must hold a hearing and rule upon your application within thirty (30) days from the date it is filed. If the trial court denies your application, you have the right to ask the Court of Criminal Appeals to review the District Court's denial by filing a Petition for Writ of Certiorari within ninety (90) days from the date of the denial. Within ten (10) days from the date the Application to Withdraw Plea of Guilty/ No Contest is denied, Notice of Intent to Appeal and Designation of Record must be filed pursuant to Oklahoma Court of Criminal Appeals Rule 4.2(D).

*Id.* Fernandez argues his signature below this section is not dispositive. [ECF No. 21 at 13–14]. Fernandez explains:

> In order for a layman, such as Petitioner, to have *read* and *understood* the steps necessary to initiate a certiorari appeal, counsel would have had to explain the process to him, and furthermore provide their signature verifying that they had "advised the defendant of his appellate rights." Counsel's signature is clearly missing. (Ex. 9 at Ex. "F"). In accordance with

9

> Respondent's analysis, counsel must not have advised Petitioner of his appeal rights. That is because they did not. Additionally, there are four questions following the instructions for initiating a certiorari appeal. … The record clearly shows that these questions were not answered by Petitioner in the affirmative. Id. Therefore, Petitioner could not have *read* and *understood* his appeal rights.

*Id.* at 14 (emphasis in original). However, the question is not whether Fernandez read or understood how to initiate a direct appeal when he signed this document. The relevant inquiry is whether Fernandez *could have discovered* the vital facts underlying his claims through the exercise of due diligence. *Aragon*, 819 F. App'x at 613. The record reflects he *could have* discovered these facts by reading the plea paperwork he signed and diligently following up on the status of his case.

Accordingly, the later commencement dates Fernandez requests pursuant to § 2244(d)(1)(D) are unavailable.[8]

### III. 28 U.S.C. § 2244(d)(2): Statutory Tolling

Fernandez also argues he is entitled to statutory tolling. [ECF No. 2 at 10–13]. Statutory tolling suspends the one-year limitations period for the

---

[8] Respondent also contends Fernandez's Petition is untimely pursuant to § 2244(d)(1)(B). *See* [ECF No. 16 at 18–19]. However, Fernandez clarifies he "does not claim his federal habeas petition is timely pursuant to § 2244(d)(1)(B)[.]" [ECF No. 21 at 10]. Thus, the Court does not evaluate the timeliness of Fernandez's Petition under § 2244(d)(1)(B). Further, Fernandez did not allege any facts triggering § 2244(d)(1)(C). Therefore, the Court does not analyze this subsection either.

"time during which a properly filed application for post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in state court. 28 U.S.C. § 2244(d)(2). An application for state postconviction or other collateral review "'remains pending' 'until the application has achieved final resolution through the State's postconviction procedures.'" *Lawrence v. Florida*, 549 U.S. 327, 332 (2007) (quoting *Carey v. Saffold*, 536 U.S. 214, 220 (2002)). "Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations." *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006).

While Fernandez sought relief from state courts after sentencing, none of these events entitle him to statutory tolling. First, the December 1, 2021 notice of intent to appeal, [ECF No. 16-3], did not successfully initiate a direct appeal. Oklahoma's procedural rules required that an application to withdraw the plea be filed with the district court. Rule 4.2(A), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2021). Therefore, this notice of intent to appeal did not provide any statutory tolling for Fernandez.

Second, the November 23, 2022, modified judgment and sentence [ECF No. 16-4] and subsequent appeal [ECF Nos. 16-5; 16-6] likewise failed to toll the statute of limitations. The Tenth Circuit's decision in *Williams v. Beck,* 115 F. App'x 32 (10th Cir. 2004) is instructive. There, the petitioner pled

11

guilty on November 27, 2001, and the state district court modified his sentence and entered an amended judgment and sentence on October 31, 2002. *Id.* at 33. The petitioner argued, pursuant to 28 U.S.C. § 2244(d)(1)(A), the AEDPA statute of limitations began to run when the amended judgment and sentence was entered on October 31, 2002. *Id.* The district court rejected this contention and dismissed the action, filed February 2, 2004, as time barred. *See id.* at 32. The Tenth Circuit noted, "the sentence modification procedure is not part of the direct review process under Oklahoma law" and denied the petitioner's request for a certificate of appealability. *Id.* at 33. Applying the *Williams* Court's reasoning to the case at bar, the modified judgment and sentence and corresponding appeal did not provide a later commencement of Fernandez's one-year limitation period pursuant to § 2244(d)(1)(A).[9]

Third, contrary to Fernandez's position, *see* [ECF No. 2 at 10–11], Fernandez's December 29, 2023 application for post-conviction relief, [ECF No. 16-7], did not toll the applicable statute of limitations because it was filed

---

[9] In rejecting the petitioner's position, the Tenth Circuit also noted "the original judgment and sentence (or the events surrounding it) furnishes the predicate of [petitioner's] habeas claims – not the amended judgment and sentence resulting from the sentence modification." *Id.* at 33. The same is true here. Fernandez's Petition focuses on the events surrounding the November 2021 plea and his counsel's failure to properly request to withdraw the same. *See* [ECF Nos. 1; 2]. Fernandez does not challenge the modified sentence in his Petition. *See id.*

12

after December 5, 2022. Fernandez's July 9, 2024, request for a suspended sentence [ECF No. 16-16] also did not toll the limitations period. Statutory tolling does not apply to state petitions for post-conviction relief filed beyond the one-year limitation period prescribed by the AEDPA. *Clark*, 468 F.3d at 714. As detailed, there are no events that provide tolling of the applicable statute of limitations pursuant to § 2244(d)(2).

### IV. Equitable Tolling

Fernandez also asserts his Petition is timely under principles of equitable tolling. [ECF No. 2 at 13–16]. While the one-year statute of limitations may be subject to equitable tolling, such tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Moreover, a petitioner's "burden in making this demonstration is a heavy one: [federal courts] will apply equitable tolling only if he is able to 'show specific facts to support his claim of extraordinary circumstances and due diligence.'" *Vigil v. Jones*, 302 F. App'x 801, 804 (10th Cir. 2008) (quoting *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008)). Equitable tolling is only available in "rare and exceptional circumstances[.]" *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003).

## A. Extraordinary Circumstances

Fernandez contends he is entitled to equitable tolling based upon his counsel's failures, counsel's alleged misrepresentations, and a change in Oklahoma law depriving him of the one-year grace period to file an application for post-conviction relief. *See* [ECF No. 2 at 13–16]. These bases are not extraordinary circumstances.

Turning first to his counsel's performance, Fernandez states his counsel "failed to inform [him] that an application to withdraw his plea was the necessary prerequisite to initiate a certiorari appeal" and "counsel deceived the Petitioner by reassuring him that his appeal had been initiated when in fact the appeal had been forfeited due to their failure to comply with State rules of appellate procedure." [ECF No. 2 at 13–14]. Fernandez does not provide any specific facts establishing his counsel intentionally utilized the incorrect procedure. *Cf. Dominguez v. Hatch,* 440 F. App'x 624, 626 (10th Cir. 2011) (noting equitable tolling may be available when an attorney misrepresents a deadline or deliberately hides information from a client in order to cover up misdeeds). Fernandez does not provide any specific facts indicating his counsel's conduct was anything more than an attorney error.

Fernandez alleges he was insistent his plea be appealed, and the record reflects his counsel attempted to follow his instructions. *See* [ECF Nos. 2 at 5–7; 16-3]. Attorney error does not constitute an extraordinary circumstance.

14

*Gunderson v. Abbott*, 172 F. App'x 806, 810 (10th Cir. 2006) (Noting that "attorney error is generally not a basis for equitable tolling of the federal habeas deadline[]" and citing *Merritt v. Blaine,* 326 F.3d 157, 169 (3d Cir.2003) (applying general rule that "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling"); *United States v. Martin,* 408 F.3d 1089, 1093 (8th Cir.2005) ("Ineffective assistance of counsel, where it is due to an attorney's negligence or mistake, has not generally been considered an extraordinary circumstance [for equitable tolling purposes]")); *see also Irwin v. Dep't of Veteran Affairs*, 498 U.S. 89, 96 (1990) (A "garden variety claim of excusable neglect" does not trigger equitable tolling).

Nor is Fernandez entitled to any equitable tolling associated with his application for post-conviction relief. The alleged uncertainty surrounding Oklahoma's post-conviction procedures does not amount to an extraordinary circumstance either. *See, e.g.*, *Pace v. Vaughn*, 71 F. App'x 127, 129 (3d Cir. 2003) (Holding "the lack of certainty as to how [state] courts would interpret the [state law] is not an 'extraordinary' circumstance."), *aff'd*, 544 U.S. 408 (2005). Accordingly, Fernandez failed to establish his failure to timely file was caused by extraordinary circumstances beyond his control.

### B. Diligent pursuit

Additionally, Fernandez has not carried the heavy burden to establish that he diligently pursued his habeas claims. In *Holland v. Florida*, 560 U.S. 631 (2010), the Supreme Court held the petitioner might be entitled to equitable tolling "not just because his counsel failed to file a federal habeas petition on time, but because the attorney disregarded many letters from his client that repeatedly emphasized the importance of meeting the filing deadline, going so far as identifying the applicable legal rules governing the limitation period." *Sigala v. Bravo*, 656 F.3d 1125, 1128 (10th Cir. 2011).

Here, Fernandez focuses his efforts on the unidentified date (sometime after he received his counsel's December 12, 2022 letter) when he "discovered" his counsel's failure to file an application to withdraw the plea. *See* [ECF No. 2 at 8]. Fatally, Fernandez fails to inform the Court what efforts he undertook between November 2021 and the receipt of the December 2022 letter to diligently pursue his claims. He undoubtedly was aware as early as November 2021 that he was unsatisfied with his sentence and wanted to appeal it. *See* [ECF No. 2 at 5–7]. Fernandez states there were forty days between December 2021 and January 2022 when he was unable to contact his counsel. *Id.* at 7. He also states he had a phone call with this counsel on January 20, 2022, wherein his counsel assured him the appeal had been initiated. *Id.* However, beyond communicating with counsel

16

and relying upon counsel's representations, Fernandez does not identify any efforts he took to check the status of his appeal or ensure it was properly filed.  Finally, Fernandez waited approximately a year from the time he allegedly discovered counsel's incorrect use of state appellate procedure to file his state application for post-conviction relief, [ECF No. 16-7], and over a year and a half to file the instant Petition.  This timing further undermines any assertion by Fernandez that he diligently pursued his claims.

Overall, these circumstances are "very different to those of the *Holland* defendant[.]" *Sigala*, 656 F.3d at 1128.  Fernandez's Petition "gives no reason why he could not have learned [of his counsel's failure to file an application to withdraw the plea] if he had been pursuing his rights diligently." *Id.*  The Court concludes Fernandez is not entitled to equitable tolling, [10] and his August 19, 2024 Petition, filed well after the December 5, 2022 AEDPA statute of limitations deadline, is time-barred.

### *PENDING MOTIONS*

Fernandez requests this Court refer this matter to a magistrate judge for a recommendation and hearing. [ECF Nos. 22; 23]. Having now addressed

---

[10]  While a petition otherwise subject to dismissal for untimeliness may be heard on the merits upon a proper showing of actual innocence, Fernandez does not invoke the actual-innocence doctrine.  *See McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013).

Respondent's Motion and finding the Petition time-barred, the Court denies as moot Fernandez's request for referral.

Fernandez also seeks an evidentiary hearing concerning the timeliness of his Petition. *See* [ECF No. 23 at 5] ("The resolution of the conflicting evidence before the Court is important because it offers insight into the reason behind Petitioner's delay in seeking collateral relief in state and federal court."). However, § 2244 does not require a hearing on the issue of time-bar or tolling. *McCall v. Wyo. Att'y Gen.*, 339 F. App'x 848, 850 (10th Cir. 2009) (citing *Fisher v. Gibson*, 262 F.3d 1135, 1145 (10th Cir. 2001) (stating that an evidentiary hearing is a "matter of discretion" in the § 2244 context)). While the date Fernandez determined the legal basis of his claim will remain unresolved, attempting to resolve this unknown will not change the Court's analysis. Whether Fernandez uncovered his counsel's blunder (or its legal significance) in 2021 or 2024, Fernandez is not entitled to a later commencement date under § 2244(d)(1)(D). On the facts alleged, a reasonably diligent petitioner could have discovered counsel's blunder by December 2022 at the latest. Therefore, the Court denies Fernandez's request for an evidentiary hearing.

## *CONCLUSION*

The Court finds and concludes Fernandez's Petition for Writ of Habeas Corpus [ECF No. 1] is time-barred. The Court therefore dismisses the Petition. The Court further concludes that no certificate of appealability shall issue because no reasonable jurists would debate the dismissal of the Petition on statute-of-limitations grounds. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

IT IS THEREFORE ORDERED that the Motion to Dismiss, [ECF No. 15], is GRANTED; the Petition, [ECF No. 1], is DISMISSED; a certificate of appealability is DENIED; and a separate judgment will be entered.

IT IS FURTHER ORDERED that the Motion for Referral, [ECF No. 22], is DENIED AS MOOT.

IT IS FURTHER ORDERED that the Motion for Evidentiary Hearing, [ECF No. 23], is DENIED.

IT IS FURTHER ORDERED that the Clerk of the Court shall note on the record the substitution of David Rogers, Interim Warden, in place of Steven Harpe as party Respondent.

IT IS SO ORDERED this 8th day of October, 2025.

Sara E. Hill
UNITED STATES DISTRICT JUDGE